**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MARK S. ZAID, P.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08-20** |
| **v.** | ) | **(Judge Wheeler)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss the complaint of plaintiffs, Mark S. Zaid, P.C. and Mark S. Zaid (collectively referred to herein as "Zaid" or "Mr. Zaid") on the ground that Mr. Zaid has failed to state a claim upon which relief may be granted. In support of our motion, we rely upon the complaint and the following brief.

**BACKGROUND**[1/]

Mr. Zaid alleges that Barbara and Eugene Makuch provided services to the Federal Bureau of Investigation ("FBI") as undercover agents from 1972 to 1991. Compl. ¶ 6. The Makuchs evidently believed that either they were not compensated for those services or that they did not receive adequate compensation for those services, and they sought additional compensation from the Government in recognition of their prior service to the FBI. Id.

Mr. Zaid alleges that he was retained by the Makuchs in order to assist them in their efforts to obtain compensation from the Government. Id. In particular, Mr. Zaid states that he

[1] For purposes of this motion to dismiss, the Government assumes, without admitting, the facts alleged in Mr. Zaid's complaint.

was instrumental in the Makuchs' efforts to obtain relief via a private bill passed by Congress. Compl. ¶ ¶ 8-10, 14-16. He further claims that he and the Makuchs entered a contingency fee arrangement through a series of email communications pursuant to which Mr. Zaid was entitled to one third of any recovery by the Makuchs. Compl. ¶ ¶ 9, 11, 18.

On or about February 6, 2001, Congressman Thomas Reynolds introduced two private bills providing compensation to the Makuchs. Compl. ¶ 10. The bills required a payment of $1 million to each of the Makuchs, for a total of $2 million. Id. In addition, each of the bills contained a provision (the "payment limitation provision") that read: "Not more than 10 percent of the sum paid under section 1 shall be paid to or received by any agent or attorney for services in connection with the recovery of such sum. Any person who violates this section shall be fined under title 18, United States Code." Compl. ¶ 11. Both bills were signed into law on October 4, 2002. Compl. ¶ 17.

Mr. Zaid alleges that the Makuchs did not pay him two thirds of the contingency fee to which he claims he is entitled (i.e., $466,666). Compl. ¶ 20. Moreover, he contends that the bills' limitations on payments to agents amount to a taking of his contractual right to one-third of the Makuch's recovery, and that he is therefore entitled to just compensation pursuant to the Fifth Amendment to the United States Constitution. Compl. ¶ 27. Mr. Zaid's complaint does not state, however, whether the Makuchs paid him any portion of the 10 percent of his contingency fee that was permitted to be paid pursuant to the private bills or whether the reason the Makuchs failed to pay him the $466,666 was because of the limitation on such payments set out in the private bills.

## SUMMARY OF THE ARGUMENT

Mr. Zaid's complaint fails to allege facts sufficient to demonstrate a Fifth Amendment taking claim. First, the allegations in Mr. Zaid's complaint are not sufficient to demonstrate that he held any property interest. That is, he cannot claim a right to payment pursuant to his contract with the Makuchs because his entitlement to payment pursuant to that contract was contingent upon a grant of relief that was entirely within the Government's discretion. In addition, any property interest Mr. Zaid held was taken subject to the background legal principle that Congress might limit the amount the Makuchs could pay their agents. Moreover, the allegations in his complaint, at most, demonstrate a frustration of his business expectation and do not represent a taking of his contract rights. Finally, Mr. Zaid's complaint does not contain allegations sufficient to demonstrate that the Government's action amounted to a compensable taking pursuant to the Fifth Amendment. Mr. Zaid fails to allege the economic impact to him of the private relief bills, that the bills interfered with his reasonable investment backed expectations, or that the character of the Government's action is such that compensation is required.

## ARGUMENT

Mr. Zaid has failed to allege facts sufficient to state a claim for a Fifth Amendment taking. As a result, the Court must dismiss the complaint for lack of subject matter jurisdiction.

The Tucker Act, 28 U.S.C. § 1491, provides a limited waiver of sovereign immunity. 28 U.S.C. § 1491(a)(1). It authorizes the United States Court of Federal Claims "to render judgment and money damages on any claim against the United States based on the United States Constitution, an Act of Congress, a regulation of an executive department, or an express or implied contract with the United States." Ervin & Assocs., Inc. v. United States, 59 Fed. Cl. 267,

288 (2004).

The Tucker Act is solely a jurisdictional statute, and does not create "'any substantive right enforceable against the United States for money damages.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Testan, 424 U.S. 392, 398 (1976)). Therefore, unless a separate substantive right exists that, if violated, requires the United States to pay money damages, the Tucker Act does not confer jurisdiction upon the Court of Federal Claims. Testan, 424 U.S. at 398. As such, "[i]f the complaint does not clearly state an independent money-mandating source, as a matter of law, the complaint must be dismissed." Bernard v. United States, 59 Fed. Cl. 497, 502 (2004). Mr. Zaid alleges the Fifth Amendment as the basis for his entitlement to money damages, but has failed to allege facts that would establish such a claim and therefore has failed to allege facts sufficient to support jurisdiction in this Court.

## I. Mr. Zaid Has Not Alleged That He Held A Property Interest For Purposes Of The Fifth Amendment

Before it may consider whether the Government's actions constitute a taking compensable pursuant to the Fifth Amendment, the Court first "must determine ... whether the claimant has established a property interest for purposes of the Fifth Amendment." Bair v. United States, 515 F.3d 1323, 1327 (Fed. Cir. 2008). Indeed, "[i]t is axiomatic that only persons with a valid property interest at the time of the taking are entitled to compensation." Id. quoting Wyatt v. United States, 271 F.3d 1090, 1096 (Fed. Cir. 2001). Mr. Zaid, however, has failed to identify such a property interest in his complaint. Instead, the complaint states only that the Government took "Mr. Zaid's property," without identifying the particular interest he believes was the subject matter of a taking. Compl. ¶ 27.

Mr. Zaid likely will argue that his claimed contractual right to one-third of the Makuchs'

recovery represents a property interest taken by the Government. Although it is true that valid contracts may create property interests, not every contract creates such property interest. In particular, where the very nature of the contracted-for property interest is defined by reference to an exercise of Congress' discretion, there is no property interest until Congress exercises that discretion. "Contracts, however express, cannot fetter the Constitutional authority of Congress. Contracts may create rights in property, but when contracts deal with a subject matter which lies within the control of Congress, they have a congenital infirmity." Chang v. United States, 859 F.2d 893, 895 (Fed. Cir. 1988) (quoting Norman v. Baltimore & Ohio R. Co., 294 U.S. 240, 307-308 (1935)).

The decision whether to grant relief to an individual via a private bill is a matter that "lies within the control of Congress." Indeed, Congress has very broad discretion to fashion relief in this context, or not to grant relief at all. As Mr. Zaid's complaint points out, private bills only rarely are enacted. Compl. ¶ 15. Moreover, private relief is sought only when the Government is under no legal obligation to provide the relief requested by the claimant. Thus, Congress' enactment of a private bill is a mere gratuity conferred upon the beneficiary. The possibility that Congress might confer a discretionary benefit upon the Makuchs does not represent a cognizable property interest. Moreover, given that Mr. Zaid's interests were wholly derivative of whatever interest the Makuchs had, Mr. Zaid cannot be said to have possessed a property interest.

In addition, the Court must define Mr. Zaid's property interest, if any, pursuant to background principles of federal and state law and the common law. Colvin Cattle Company v. United States, 468 F.3d 803, 807 (Fed. Cir. 2007) ("We also look to existing rules and understandings and background principles derived from an independent source, such as state,

federal or common law, [to] define the dimensions of the requisite property rights for the purposes of establishing a cognizable taking." (internal quotations omitted)), citing Lucas v. S.C. Coastal Council, 505 U.S. 1003, 1027 (1992). Again, Congress has broad discretion to fashion private relief, including the ability to restrict payments to agents from private relief funds. Congress' ability to restrict payments to agents thus represents a "background principle" used to define the scope of Mr. Zaid's property interests. In other words, Mr. Zaid's agreement with the Makuchs, if any, was formed subject to any restrictions that Congress might place on the Makuchs' ability to pay him.

## II. The Payment Limitation Provision Does Not Amount To A Taking of Mr. Zaid's Contract Rights

Even if Mr. Zaid is able to demonstrate that he held a cognizable property interest, in order to state a claim he must demonstrate that Congress's inclusion of the payment limitation provision in the Makuch private bill was a taking of that interest within the meaning of the Fifth Amendment. Mr. Zaid does not allege that the Government actually "took" his rights under his contract with the Makuchs in the sense that the Government assumed his rights and obligations under that contract; rather, he alleges that the Government prevented the Makuchs from fully satisfying their obligations pursuant to the contract. The Supreme Court and the Court of Appeals for the Federal Circuit have each held, however, that Congress's mere frustration of a party's ability to perform or realize the benefits of a contract is not a Fifth Amendment taking. Omnia Commercial Co. v. United States, 261 U.S. 502 (1923); Huntleigh USA Corporation v. United States, Fed. Cir. No. 2007-5118 (May 15, 2008); Chang, 859 F.2d at 895.

The Federal Circuit recently considered this issue in Huntleigh. The appellant in Huntleigh was a provider of airport security services to over 70 airlines. Huntleigh, Slip Op. at

4. After the terrorist attacks of September 11, 2001, Congress enacted the Aviation and Transportation Security Act, Pub. L. No. 107-171, 115 Stat. 597 (2001) ("ATSA") which, in relevant part, established the Transportation Security Administration and required the Under Secretary of Transportation for Security to assume all security and screening functions at United States airports. Id. at 2. Thus, the Government assumed responsibility for performing the same functions that Huntleigh was in the business of performing, resulting in a precipitous drop in the demand for Huntleigh's services. Id. at 5-6. Citing Omnia, this Court rejected Huntleigh's taking claim, holding that the Government's action merely frustrated Huntleigh's expectations under its contracts and therefore was not a taking. Id. at 8.

The Federal Circuit affirmed the decision of this Court. In so doing, the court gave great weight to the fact that the Government had not actually assumed Huntleigh's contracts. Id. at 13-14. Thus, stated the court, "any takings claim cannot be predicated upon a taking of the contracts." Id. at 14. Moreover, the court considered the Supreme Court's decision in Omnia, particularly noting that, as in Huntleigh, the regulation at issue rendered impossible the performance of a third party pursuant to a contract with the claimant.

As in Huntleigh and Omnia, the Government has not actually assumed Mr. Zaid's contract with the Makuchs. Indeed, Mr. Zaid has not alleged that the Government stepped into his shoes, assuming his rights and obligations under the contract, and has not alleged any facts that would support such a conclusion. Moreover, just as in Huntleigh and Omnia, the regulation at issue rendered the Makuchs' performance under their contracts impossible, merely "'frustrating' [the claimant's] business expectations, which does not form the basis of a cognizable takings claim." Id. at 16. Like Huntleigh and Omnia, then, Mr. Zaid cannot state a

taking claim and his complaint therefore should be dismissed.

## III. Mr. Zaid Has Failed To Allege A Compensable Taking

Mr. Zaid's complaint also fails to state allegations sufficient to support his taking claim. In determining whether a taking is compensable pursuant to the Fifth Amendment, the Court must consider (i) the economic impact of the regulation on the claimant, (ii) the extent to which the regulation has interfered with investment backed expectations, and (iii) the character of the Governmental action. Chang, 859 F.2d at 895, quoting Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 225 (1986).

### A. Character Of The Government's Action

The character of the Government's action in this case is not of the type that the courts have found to represent compensable takings. Indeed, the Government has not been able to find any case where a court found a taking that resulted from the enactment of a private relief bill. Moreover, the Government did not take any action in this case that resulted in the "public use" of property for purposes of the Fifth Amendment. Neither the Government nor the public benefitted from the payment limitation provision; instead, the Makuchs were permitted to retain a larger portion of the relief Congress gave them as a result of the limitation on Mr. Zaid's contingent fee. In any event, there is no "public use" within the meaning of the Fifth Amendment without an exercise of the Government's eminent domain power. Amerisource Corp. v. United States, 2008 WL 1902502, *5 (Fed. Cir. 2008), citing Bennis v. Michigan, 516 U.S. 442, 453 (1986) and United States v. One Cadillac Coupe De Ville, 833 F.2d 994, 1000 (Fed. Cir. 1987). Congress' actions in this case clearly were not an exercise of its eminent domain power.

In addition, in considering the character of the Government's action, the Court must take into consideration the benefits and burdens to plaintiff that resulted from that action. Cienega Gardens v. United States, 503 F.3d 1266, 1283 (Fed. Cir. 2007), citing Penn Central Transp. Co. v. City of New York, 438 U.S. 104, 137 (1978). In this case, there is no question that Congress' action represented a net benefit to Mr. Zaid. Prior to the enactment of the private relief bills, Mr. Zaid was not entitled to receive any payment from the Makuchs. As a result of Congress' passage of the bills, Mr. Zaid was entitled to receive at least some portion of the recovery from the Makuchs.[2]

**B. Investment-backed Expectations**

Mr. Zaid's complaint fails to identify any investment he made based upon his expectations with respect to the Makuch contract. In this way, this case is similar to Chang, where the Court of Appeals for the Federal Circuit found that the claimant failed to plead an investment-backed expectation. Chang, 859 F.2d at 897-98. In Chang, the plaintiffs claimed that their employment contracts with a Libyan company were taken when the president imposed economic sanctions on Libya that prevented them from performing pursuant to those contracts. Id. at 894. In holding that the plaintiffs had failed to allege interference with an investment-backed expectation, the court rejected the claimants' assertions that the development of their expertise and the sale of real and personal property in preparation for performance pursuant to the employment agreements represented investments that would support their claims. Id. at 898.

---

[2] The complaint does not indicate whether and how much Mr. Zaid was paid by the Makuchs after the private relief bills were enacted, or whether the Makuchs have taken the position that Mr. Zaid is entitled to some amount less than the entire 10 percent that the payment limitation provision permits to be paid to agents of the Makuchs.

The court contrasted these claims with the paradigmatic investment-backed expectation, where plaintiffs had purchased or developed property and had been denied the opportunity to use it. Id. Similarly, Zaid's claim is not premised on his inability to use property that he bought or developed. Nor does Mr. Zaid's complaint identify any comparable investment.

### C. Economic Impact

Finally, Mr. Zaid fails to allege economic impact of the Government's action sufficient to state a Fifth Amendment taking claim. In order to determine the economic impact, the Court must compare the value of Mr. Zaid's contractual rights before the private bills were enacted and after the private bills were enacted. In performing this analysis, the Court must take into account both the benefits and burdens imposed by the Government's action. Cienega Gardens, 503 F.3d at 1283. That is, the Court may not consider the impact of the payment limitation provision by itself, but must determine the economic impact to Mr. Zaid resulting from the relief bills in their entirety. There is no question that the economic impact of the Makuchs private relief bills was positive for Mr. Zaid. Prior to enactment of the bills, Mr. Zaid was not entitled to payment pursuant to his agreement with the Makuchs; after enactment of the bills, he was entitled to a payment of $200,000 pursuant to that agreement.

Even if the Court were to consider the economic impact of the payment limitation provision alone, Mr. Zaid has not alleged facts that would demonstrate he suffered a negative economic impact. Because Mr. Zaid's right to payment was contingent on the grant of relief by Congress, it was impossible to know the value of his contractual right prior to the enactment of the bills. That is, Congress could have given the Makuchs a combined $600,000 in relief,

without limiting the amount that could be paid to the Makuch's agents.[3] If that had happened, Mr. Zaid would have been entitled to $200,000, just as he was as a result of the bills actually enacted, and, thus, there would be no economic impact. Indeed, Congress might have awarded the Makuchs some amount less than $600,000, and even if Mr. Zaid had been paid his full contingent fee, he would be entitled to less that the $200,000 he actually received. The Government was not legally obligated to pay any amount to the Makuchs and, thus, the amount of the grant to the Makuchs was entirely within its discretion. As in Chang, "[s]uch future damages are speculative and merely consequential to the valid exercise of governmental power." Chang, 859 F.2d at 898. That being the case, Mr. Zaid has no basis to claim that the payment limitation provision caused him to suffer a negative economic impact.

## CONCLUSION

For the reasons stated above, Mr. Zaid has failed to state a claim upon which relief may be granted. We therefore respectfully request that the Court dismiss Mr. Zaid's complaint for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick

---

[3] Mr. Zaid's complaint makes clear that Congress could have granted the Makuchs relief of less than the $2 million they received. Compl. ¶ 10.

MARK A. MELNICK
Assistant Director

s/Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4678
Facsimile: (202) 514-8624

May 19, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 19, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Robert E. Chandler